## Burnett v. Shooster.

*Practice—Assumpsit—Statement of claim—Sufficiency of statement.*

A statement of claim to recover hand-money paid at the time of the execution of a written agreement for the purchase of real estate, on the ground that the house was orally and falsely represented to be in a good state of repair and tenantable, which fails to aver by whom the statements were made, why they were omitted from the agreement, what reliance was placed upon them, that the plaintiff did not examine the property or that he did not know its condition, is insufficient.

Affidavit of defense in nature of demurrer. C. P. Delaware Co., Sept. T., 1926, No. 301.

*William H. Ridley*, for plaintiff; *Geary & Rankin*, for defendant.

FRONEFIELD, P. J., Jan. 14, 1927.—The question involved in this case is raised by an affidavit of defense, alleging that the statement of claim does not set forth a good cause of action.

The plaintiffs claim to recover from the defendants hand-money paid on the purchase of a dwelling under a written agreement, which provides that defendants have sold to the plaintiffs a dwelling and lot, for which plaintiffs agree to pay defendants $3800—$400 as hand-money and the balance at settlement.

The statement of claim alleges that "the house was represented to be in good state of repair and tenantable at the time of the signing of the agreement," and that "it was not in good state of repair or tenantable, as represented."

There is nothing in the agreement relating to the state of repair of the property or that it was tenantable. There is nothing in the statement of claim as to by whom the representations were made, nor why the representations were omitted from the written agreement (Gianni v. Russell, 281 Pa. 370), nor what reliance was placed upon them, if any, nor that the plaintiffs did not examine the property prior to signing the agreement, nor why they did not know its condition, if they did not: 12 Ruling Case Law, 277, 384.

We will give the plaintiffs an opportunity to file a statement of claim which will state a good cause of action.

And now, to wit, June 14, 1927, leave is granted the plaintiffs to supplement their statement of claim within fifteen days from the filing of this order, in default of which judgment may be entered in favor of the defendants.

From William R. Toal, Media, Pa.